IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                               4:20-CR-00108-BRW

JONATHAN PINNOCK

**ORDER**

Pending is Defendant's Motion to Suppress (Doc. No. 23).  The Prosecution has responded.[1]  On Wednesday, September 16, 2020, a hearing was held regarding the motion.  At the conclusion of the hearing, Defense counsel asked for additional time to review evidence he had not received during discovery.  I granted the additional time and provided both parties with an opportunity to brief any new issues if they felt it necessary.  On October 5, 2020, Defendant filed his Post-Hearing Supplemental Brief.[2]  After reviewing the arguments and the evidence presented during the hearing and supplemented afterwards, I feel fully advised.  For the reasons set out below, the motion is DENIED.

**I.  BACKGROUND**

On February 25, 2020, just after 5:00 p.m., Defendant was eastbound on Interstate 40 in a rented car when Trooper Paul Meeks, who was patrolling the area, observed him traveling with his left turn signal on in the right lane.  According to Trooper Meeks, he pulled over the car because it continued to travel approximately two miles with its blinker activated.  Trooper Meeks testified that he was concerned that the driver was sleepy or impaired.  Mr. Jonathan

---

[1]Doc. No. 27.

[2]Doc. No. 37.

1

Pinnock was driving. Trooper Meeks asked for his license, registration, and the rental agreement. Mr. Pinnock gave Trooper Meeks two other cards in addition to his driver's licence, one had a DEA badge and the other had a New York State Officers' Association badge on it. Trooper Meeks asked Mr. Pinnock if he was a police officer. Mr. Pinnock said he had family in law enforcement. Trooper Meeks asked routine traffic stop questions and got an improbable story about flying from New York to Los Angles for three days and then driving to Virginia Beach. Mr. Pinnock also gave inconsistent stories about who rented the vehicle. At 5:12 p.m., Trooper Meeks called for a canine. At 5:32 p.m., the canine officer arrived and at approximately 5:36 p.m., ran his canine around the car. The canine alerted and Trooper Meeks searched the vehicle. A large quantity of suspected methamphetamine was found in a suitcase located in the trunk and Mr. Pinnock was arrested.

In his motion, Defendant asserted that the evidence must be suppressed because Trooper Meeks lacked probable cause to initiate the traffic stop and he did not have a reasonable suspicion to continue the detention.

## II.   DISCUSSION

### A.   Probable Cause for Traffic Stop

It is clear that Mr. Pinnock was driving with the blinker on for an extended period without changing lanes, and that gave Trooper Meeks probable cause for the traffic stop. The Prosecution argues this is a violation of Ark. Code Ann. § 27-36-208(c), which prohibits flashing lights except on "any vehicle as a means of indicating a right or left turn . . . ." When Mr. Pinnock drove with his turn signal activated for an extended time without changing lanes, he likely violated § 27-36-208(c). Even if this did not constitute a traffic violation, a mistake regarding an infraction can be excused if an objectively reasonable officer believed a violation

2

had occurred.³ If Mr. Pinnock's actions did not constitute a violation, under these circumstances, Trooper Meeks had an objectively reasonable belief that a violation had occurred.

**B.      Extending the Stop**

Defendant also contends that the stop went longer than its intended purpose and there was no reasonable suspicion to justify the continuation of the stop. However, the Court of Appeals for the Eighth Circuit has "found a combination of nervous behavior and suspicious travel plans creates a reasonable suspicion justifying a traffic stop's extension."⁴ Trooper Meeks testified that Mr. Pinnock seemed nervous. During the stop, Trooper Meeks asked routine traffic-stop questions and got a suspicious story regarding his travel. Mr. Pinnock also gave various stories regarding the rental car, although it could have been because of a misunderstanding. Based on the totality of the circumstances, these things along with the other issues identified by Trooper Meeks – several fast food packages and drink containers, air freshener in a new car, and Mr. Pinnock traveling from a drug interdiction target state – were sufficient to give Trooper Meeks reasonable suspicion to extend the stop. Accordingly, Trooper Meeks was justified in extending the scope of the stop.⁵

---

³*United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005) (noting that the determinative question is not whether the driver actually committed a traffic violation but whether an objectively reasonable officer could have formed a reasonable suspicion that the driver committed a traffic violation)).

⁴*United States v. Davis*, 943 F.3d 1129, 1133 (8th Cir. 2019).

⁵*Id*. at 1132 ("We evaluate whether police had reasonable suspicion to extend a traffic stop based on the totality of the circumstances.").

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED this 16th day of October, 2020.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE
